# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW MEXICO

MARTIN MEZA,

      Petitioner,

vs.                                                                   No. CIV 20-0017 JB\GBW

RICARDO MARTINEZ and
ATTORNEY GENERAL OF THE STATE OF
NEW MEXICO,

      Respondents.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court, under Rule 4 of the Rules Governing 2254

Cases, on the Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State

Custody filed by Petitioner Martin Meza, filed January 2, 2020 (Doc. 1)("Petition").  The one-year

statute of limitations under 28 U.S.C.§ 2244(d)(1) bars Meza's § 2254 claims.  Accordingly, the

Court dismisses the case as time-barred.

## FACTUAL AND PROCEDURAL BACKGROUND

Meza is a prisoner serving multiple sentences in the New Mexico Department of

Corrections.  See Petitioner at 1-2.  He challenges the ninety-year sentence imposed by the Twelfth

Judicial District Court, County of Lincoln, State of New Mexico, Case No. D-1215-CR 2002-

00255.  See Petition at 52-55).  The Court has reviewed the Petition and the official record in

Meza's state court proceedings through the Supreme Court of New Mexico's Secured Online

Public Access ("SOPA").  The Court takes judicial notice of the official New Mexico court records

in Meza's criminal cases.  See United States v. Ahidley, 486 F.3d 1184, 1192 n.5 (10th Cir.

2007)(noting that courts may take judicial notice of publicly filed records in this court and other

courts concerning matters that bear directly upon the disposition of the case at hand).  A jury found Meza guilty on five counts of first degree criminal sexual penetration of a child under the age of thirteen, and five counts of criminal sexual contact of a minor child under the age of thirteen. Judgment was entered on Meza's conviction and sentence on September 2, 2003.  See Petition at 52-55.

Meza filed a direct appeal from his conviction and sentence on October 1, 2003.  The Court of Appeals of New Mexico affirmed his conviction and issued its final mandate on May 13, 2005. See Petition at 44-51.  Meza then filed his first state habeas corpus proceeding on May 9, 2006. That petition was dismissed on December 19, 2006.  See Petition at 42-43.  More than ten years later, Meza filed a second habeas corpus petition in state court on May 3, 2017.  See State v. Meza, Case No. D-1215-CR-2002-000225.  A New Mexico district court denied that state petition on June 26, 2017.  See State v. Meza, Case No. D-1215-CR-2002-000225.  Meza filed his third state petition on June 29, 2017.  See Petition at 45-46.  A state district court denied that petition on June 21, 2019, and the Supreme Court of New Mexico denied certiorari on August 5, 2019.  See State v. Meza, Case No. D-1215-CR-2002-000225.  Meza filed his most recent state habeas corpus petition on September 20, 2019, which a state district court dismissed on November 12, 2019.  See Petition at 56-57.

Meza filed his Petition under 28 US.C. § 2254 on January 2, 2020.  See Petition at 1. On April 7, 2020, the Honorable Gregory P. Wormuth, United States Magistrate Judge for the United States District Court for the District of New Mexico, entered an Order to Show Cause, directing Meza to show cause why his claims should not be dismissed as barred under 28 U.S.C. § 2244(d)'s one-year statute of limitations.  See Order to Show Cause at 1-2, filed April 7, 2020 (Doc. 6). Meza filed a Response to Court's Order to Show Cause on May 4, 2020.  See Petitioner's Response

to Court's Order to Show Cause at 1, filed May 4, 2020 (Doc. 7)("Response").  In the Response,

Meza cites his lack of education, unfamiliarity with the English language, and fear of assault from

other inmates due to his conviction for a sex crime as reasons for his late filing.  See Response

at 2-4.

## LAW REGARDING THE § 2254 STATUTE OF LIMITATIONS

A one-year statute of limitations governs petitions for a writ of habeas corpus by a person

in state custody under the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"),

Pub. L. No. 104-132, 110 Stat. 1214.  See 28 U.S.C. § 2244(d).  Section 2244(d)(1) provides:

> A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of --
>
> > (A)     the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> >
> > (B)     the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> >
> > (C)     the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> >
> > (D)     the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

Section 2244(d) further provides: "The time during which a properly filed application for

State post-conviction or other collateral review with respect to the pertinent judgment or claim is

pending shall not be counted toward any period of limitation under this subsection."  28 U.S.C.

§ 2244(d)(2).  The one-year AEDPA statute of limitations for filing a § 2254 petition begins to run from the time the judgment on the petitioner's conviction and sentence becomes final.  See 28 U.S.C. § 2244(d).  The judgment becomes final by conclusion of direct appellate review or expiration of the time for seeking direct appellate review.  See 28 U.S.C. § 2254(d)(1)(A); Rhine v. Boone, 182 F.3d at 1155.

This one-year statute of limitations is tolled when a petitioner files a state habeas corpus petition.  Tolling occurs, however, only when "a properly filed application for State post-conviction" relief is "pending."  28 U.S.C. § 2244(d)(2).  A state habeas petition is "pending" and tolls the running of the statute of limitations from the date it is filed until it has achieved final resolution through the state's post-conviction procedures.  Holland v. Florida, 560 U.S. 631, 635, 638 (2010); Carey v. Saffold, 536 U.S. 214, 219-20 (2002).  A state habeas petition submitted after the one-year deadline, however, does not toll the limitations period.  See Fisher v. Gibson, 262 F.3d 1135, 1142-43 (10th Cir. 2001)(noting the petitioner could not taking advantage of tolling "for time spent in state post-conviction proceedings because his applications for post-conviction relief were not filed until after . . . the end of the limitations period . . .").

The one-year statute of limitations also may be subject to equitable tolling.  Equitable tolling is available only when an inmate diligently pursues his claims and demonstrates that extraordinary circumstances beyond his control caused the failure to timely file.  See Burger v. Scott, 317 F.3d 1133, 1141 (10th Cir. 2003); Marsh v. Soares, 223 F.3d 1217, 1220 (10th Cir. 2000).  Ignorance of the law, ignorance of the limitation period, and inability to obtain legal assistance do not warrant equitable tolling.  Marsh v. Soares, 223 F.3d at 1220 ("It is well established that ignorance of the law, even for an incarcerated pro se petitioner, generally does not excuse prompt filing."); Taylor v. Wade, 789 F. App'x 674, 677 (10th Cir. 2019)("[N]either

[petitioner's] misapprehension of the law nor his . . . claim of ineffective assistance of counsel could excuse his failure to file a timely habeas petition."); Rojas-Marceleno v. Kansas, 765 F. App'x 428, 433 (10th Cir. 2018)("A petitioner's lack of legal knowledge or inability to afford an attorney generally does not merit equitable tolling."); Clay v. Jones, 491 Fed. App'x 935 (10th Cir. 2012) (stating that a petitioner's failure to "understand . . . tolling and exhaustion issues" cannot "demonstrate extraordinary circumstances entitling him to equitable tolling").

A petitioner must show that he can satisfy § 2244(d)'s procedural requirements before a court can address the merits of his or her claims. See United States v. Greer, 881 F.3d 1241, 1244 (10th Cir.), cert. denied, 139 S. Ct. 374 (2018). Accordingly, federal courts have authority to consider sua sponte a habeas petition's timeliness on screening. See Day v. McDonough, 547 U.S. 198, 209 (2006)(holding that, as part of the initial review process, "district courts are permitted . . . to consider, sua sponte, the timeliness of a state prisoner's habeas petition").

## LAW REGARDING § 2254 HABEAS CORPUS RELIEF

A prisoner in state custody may seek federal habeas corpus relief under 28 U.S.C. § 2254. Section 2254 provides:

> [A] district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States.

28 U.S.C. § 2254(a). AEDPA's amended § 2254 limits federal courts' power to grant an application for a writ of habeas corpus. If, as in this case, the application includes a claim that a state court adjudicated on its merits, § 2254(d) expressly limits federal court review. Under § 2254(d), a habeas corpus application

> shall not be granted with respect to [such a] claim . . . unless the adjudication of the claim:

(1)     resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

(2)     resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d)(1)-(2).  Under this standard, a federal habeas court "reviews the specific reasons given by the state court and defer to those reasons if they are reasonable."  Wilson v. Sellers, 138 S. Ct. 1188, 1192 (2018).  The standard is highly deferential to the state court rulings and demands that the state court be given the benefit of the doubt.  See Harrington v. Richter, 562 U.S. 86, 101 (2011); Woodford v. Visciotti, 537 U.S. 19, 24 (2002)(per curiam).  The standard is difficult for petitioners to meet in federal habeas proceedings under 28 U.S.C. § 2254.  See Cullen v. Pinholster, 563 U.S. 170, 181 (2011).

Section 2254(d)(1)'s reference to "clearly established Federal law, as determined by the Supreme Court of the United States," refers to the holdings of the Supreme Court of the United States of America's decisions as of the time of the relevant state court decision.  Williams v. Taylor, 529 U.S. 362, 412 (2000).  Under § 2254(d)(1), a state-court decision is "contrary to" the Supreme Court's clearly established law if it "applies a rule that contradicts the governing law set forth in [Supreme Court] cases," or if it "confronts a set of facts that are materially indistinguishable from a decision of [the] Court and nevertheless arrives at a result different from [that] precedent."  Williams v. Taylor, 529 U.S. at 405-06.  A state court need not cite, or even be aware of, applicable Supreme Court decisions, "so long as neither the reasoning nor the result of the state-court decision contradicts them."  Early v. Packer, 537 U.S. 3, 8 (2002)(per curiam).

A state court decision is an "unreasonable application" of clearly established Supreme Court law if the decision "correctly identifies the governing legal rule but applies it unreasonably

to the facts of a particular prisoner's case." Williams v. Taylor, 529 U.S. at 407-08. A court undertakes this objective unreasonableness inquiry in view of the specificity of the governing rule: "The more general the rule, the more leeway courts have in reaching outcomes in case-by-case determinations." Yarborough v. Alvarado, 541 U.S. 652, 664 (2004). An unreasonable application of federal law is not the same as an incorrect application of federal law. See Williams v. Taylor, 529 U.S. at 410. A federal court may not issue a habeas corpus writ merely because that court concludes the state court decision applied clearly established federal law erroneously or incorrectly -- the application must also be unreasonable. See Williams v. Taylor, 529 U.S. at 411; Harrington v. Richter, 562 U.S. at 98. The AEDPA authorizes issuance of a writ only in cases where there is no possibility that fair-minded jurists could disagree that the state court's decision conflicts with Supreme Court precedents. See Harrington v. Richter. 562 U.S. at 102.

## ANALYSIS

The Court dismisses the Petition as time-barred under § 2244(d). The Court grants Meza's application to proceed in forma pauperis, because he has shown that he is indigent. Finally, the Court denies a Certificate of Appealability.

## I.   MEZA'S PETITION IS TIME-BARRED UNDER § 2244(d).

For his statement of issues in this case, Meza attaches a brief apparently filed in his 2006 state habeas corpus proceeding raising a series of ineffective assistance of counsel arguments. See Petition at 21-46. Based on the 2006 brief's statement of issues, all of the claims Meza asserts in the Petition were available to him from the time the original Judgment was entered on September 2, 2003. See Petition at 5-10 (providing grounds for relief). As a result, § 2244(d)(1)(A)'s limitation period applies in this case.

Applying § 2244(d)(1)(A), the statute of limitations on Meza's federal habeas corpus claims began running when a New Mexico state district court dismissed his first state habeas corpus petition on December 19, 2006, and it expired one year later on December 18, 2007.  See 28 U.S.C. § 2244(d)(1)(A).  Meza waited almost seven years after the ruling on his first habeas corpus petition before filing his second state petition, so the second state habeas proceeding did not toll the running of the statute of limitations.  See Carey v. Saffold, 536 U.S. at 219-20; Holland v. Florida, 560 U.S. at 635, 638.  Therefore, the one-year statute of limitations of § 2244(d) expired around thirteen years before Meza filed his Petition in this Court, and his claims under § 2254 are time-barred.

Absent equitable tolling, § 2244(d)'s statute of limitations barred Meza's § 2254 claims well before his September, 2018, state habeas filing.  See Miller v. Marr, 141 F.3d at 977-78.  In response to the question regarding timeliness of his Petition, Meza makes a statement of the law governing § 2254 proceedings but does not address the timeliness issue.  See Petition at 13-14.  In his Response to the Order to Show Cause, Meza argues that equitable tolling should apply for two reasons.  See Response at 2-4.  First, he claims that he is uneducated and has language barriers that made it difficult for him to file a petition.  See Response at 2.  Second, he contends that, due to the nature of his convictions, he was afraid to seek help to file a petition because it would expose him to risk of bodily injury.  See Response at 2-3.

While the Court understands that Meza faces obstacles, the record establishes that Meza was able to file three state habeas corpus proceedings despite the same literacy issues and fear of exposure of his crimes.  It is incongruous to contend that he could not file a federal habeas corpus petition when he was able to file three state habeas corpus petitions during the same time period.  Neither his lack of literacy nor his fear of exposing the nature of his convictions constitute

extraordinary circumstances beyond his control that prevented him from timely filing his § 2254 case.  See Marsh v. Soares, 223 F.3d at 1220; Burger v. Scott, 317 F.3d at 1141.  Meza's arguments therefore do not demonstrate diligence in pursuing his federal claims and do not support equitable tolling.  See Miller v. Marr, 141 F.3d at 977-78.  Meza's Petition therefore is untimely, and the Court will dismiss his claims as barred by the § 2244(d) statute of limitations.

## II.   THE COURT GRANTS MEZA'S APPLICATION TO PROCEED IN FORMA PAUPERIS.

Also pending before the Court is Meza's Application to Proceed in District Court Without Prepaying Fees or Costs, filed January 21, 2020 (Doc. 4)("IFP Motion").  Meza's IFP Motion includes a statement that he is unable to pay fees, as 28 U.S.C. § 1915(a) requires.  The Court will grant Meza's IFP Motion, and Meza may proceed in forma pauperis under § 1915(a).

## III.   <u>THE COURT DENIES A CERTIFICATE OF APPEALABILITY.</u>

Under rule 11 of the Rules Governing Section 2254 Cases in the United States District Courts, effective February 1, 1997, and amended on February 1, 2010 ("Habeas Corpus Rule"), the Court must issue or deny a Certificate of Appealability whenever it enters a final order adverse to the § 2244 petitioner.  See Habeas Corpus Rule 11(a).  To obtain a Certificate of Appealability, a petitioner must "demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong."  Slack v. McDaniel, 529 U.S. 473, 484 (2000).  The Court determines that Meza has not made such a showing, because the statute of limitations lapsed over thirteen years before Meza filed the Petition.  The Court therefore will deny a Certificate of Appealability.

IT IS ORDERED that: (i) the Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody, filed January 2, 2020 (Doc. 1), is dismissed as time-barred; (ii)  the Application to Proceed in District Court Without Prepaying Fees or Costs, filed January 21, 2020

(Doc. 4), is granted; (iii) a Certificate of Appealability is denied; and (iv) the Court will issue a separate order entering Final Judgment in this case.

_____
UNITED STATES DISTRICT JUDGE

*Party*:

Martin Meza
Chaparral, New Mexico

     *Petitioner pro se*